PER CURIAM.
This cause is before us on appeal from a final order of the judge of compensation claims (JCC), declining to set aside a settlement agreement entered under section 440.-20(12)(b), Florida Statutes. We reverse because rule 4.131(d) of the Florida Rules of Workers Compensation Procedure requires that prior to approval of any settlement agreement, the parties provide the JCC with all evidence in their possession which is material to the proposed settlement. At the time claimant entered into the settlement agreement, claimant was unaware of the existence of a written report by one Dr. Var-roux, which was the sole medical evidence of a causal relationship between claimant’s medical condition and his employment. It is unclear from the record whether the employer and servicing agent (E/SA) had obtained a copy of Dr. Varroux’s opinion prior to the settlement agreement.[1] What is clear from the record, however, is that the E/SA did not provide a copy of the report to the JCC and that the JCC and claimant were unaware of its contents at the time of settlement.
The order appealed from is therefore reversed, and this cause is remanded with instructions that the JCC make a determination as to whether the E/SA complied with the requirements of rule 4.131(d).
BOOTH, MICKLE and LAWRENCE, JJ., concur.

. The E/SA state in their answer brief, "If the employer/servicing agent did not believe it had any exposure to the payment of benefits, it would have little incentive to settle the matter. Obtaining evidence, such as the medical report from Dr. Varraux [sic], was, at least theoretically, considered in the determination of the settlement amount."